Case 4:11-cr-00130 Document 79 Filed in TXSD on 06/30/16 Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
July 01, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIANO DIAZ, #96528-079, | § | |
| | § | |
| Petitioner/Defendant, | § | |
| | § | CIVIL ACTION NO. H-16-1924 |
| v. | § | (Criminal No. H-11-130-01) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent/Plaintiff. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant, Mariano Diaz, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("§ 2255 Motion") (Docket Entry No. 78).

The court has carefully reviewed Gallegos' motion as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts and concludes that a response to his motion is not required.

On March 28, 2011, Diaz pleaded guilty to illegal reentry after conviction of an aggravated felony in violation of 18 U.S.C. §§ 1326(a) and (b)(2). On June 14, 2011, the court sentenced Diaz to 96 months in prison (Judgment in a Criminal Case, Docket Entry No. 28). The United States Court of Appeals for the Fifth Circuit dismissed his appeal as frivolous (Docket Entry No. 44). On June 21, 2012, Diaz filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 47). On August 6, 2012, the court

entered a Memorandum Opinion and Order and Final Judgment denying his § 2255 Motion (Docket Entry Nos. 54 and 55).

In his § 2255 Motion Diaz alleges "Reduce sentence pursuant to 18 U.S.C. § 924(e)(2)(B)(ii)." (§ 2255 Motion, Docket Entry No. 78, p. 4) Apparently Diaz believes that he is entitled to relief because of the retroactive effect of <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). In <u>Johnson</u> the Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), for purposes of sentence enhancement for a felon's possession of a firearm was unconstitutionally vague. In <u>Welch v. United States</u>, 136 S. Ct. 1257 (2016), the Court held that its decision in <u>Johnson</u> announced a substantive rule that applied retroactively on collateral review.

Diaz's sentence was not based on the ACCA or on 18 U.S.C. § 16, and neither the ACCA nor 18 U.S.C. § 16 affected his advisory sentencing guideline range. Nor was his sentencing guideline range affected by any provision of the sentencing guidelines that increased his advisory guideline range based on a "crime of violence." Although Diaz's advisory guideline range was increased by 16 levels, the increase was based on his prior felony drug trafficking offense pursuant to USSG § 2L1.2(b)(1)(A)(i). Diaz is therefore not entitled to relief based on <u>Johnson</u>.

28 U.S.C. § 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

>   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

This provision and 28 U.S.C. § 2244(b)(3)(A) act as a jurisdictional bar to a district court's consideration of a successive habeas petition until the court of appeals has authorized the district court to consider it. For the reasons explained above, § 2255(h)(2) does not apply. Because Diaz's § 2255 Motion is successive and he has not obtained authorization from the United States Court of Appeals for this court to consider it, his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 78) is **DISMISSED**.

The Clerk of Court is **ORDERED** to provide a copy of this Memorandum Opinion and Order to Diaz and to the United States Attorney for the Southern District of Texas, and to file a copy of this Memorandum Opinion and Order in the corresponding civil action.

**SIGNED** at Houston, Texas, on this the 30th day of June, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE